

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GERARD P. ADAMS | CIVIL ACTION NO. 00-0506 |
|---|---|
| VERSUS | |
| ODYSSEA MARINE GROUP, LLC ET AL | SECTION "T" MAG. DIV. 1 |
| | JUDGE G. THOMAS PORTEOUS, JR. |
| | MAGISTRATE SALLY SHUSHAN |

### PLAINTIFF'S RESPONSE TO DEFENDANT, UK P & I CLUB'S STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Gerard P. Adams, who hereby submits the following responses to defendant, UK P & I Club's, statements of material facts filed in support of its Motion for Summary Judgement:

All statements of uncontested material facts (#1 - 9) are admitted. However, none of these statements address the reason that Summary Judgment should be denied. More specifically they do not address the claim for failure to pay maintenance and cure.

BY ATTORNEY:

C. ARLEN BRAUD, II, #20719
MICHELLE O. GALLAGHER, #23886
C. Arlen Braud & Associates, L.L.C.
506 Water Street, Suite A
Madisonville, LA 70447
(504) 845-0372

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon counsel for all parties in this proceeding by:

( ) Hand (✓) Prepaid U.S. Mail
( ) Facsimile ( ) Federal Express

3-20-01
Date

Michelle O. Gallagher

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GERARD P. ADAMS | CIVIL ACTION NO. 00-0506 |
|---|---|
| VERSUS | SECTION "T" MAG. DIV. 1 |
| ODYSSEA MARINE GROUP, LLC, ET AL | JUDGE G. THOMAS PORTEOUS, JR. |
| | MAGISTRATE SALLY SHUSHAN |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO UK P&I CLUB'S MOTION FOR SUMMARY JUDGMENT

Defendant, United Kingdom Mutual Steamship Assurance Association (UK P & I Club) has moved for summary judgment based on plaintiff's claims under the Louisiana Direct Actions Statute, La. R.S. 22:655. In its Memorandum In Support, Defendant cites La. R.S. 22:655 (b)(2) to require the following prerequisites:

1. The accident occurred in Louisiana;
2. The policy was written in Louisiana; or
3. The policy was delivered in Louisiana.

(See p. 3 of Defendant's Memorandum in Support of Motion for Summary Judgment.)

However, La. R.S. 22:655 § B (2) provides the following:

> This right of direct action shall exist whether or not the policy of

> insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the <u>accident or injury</u> occurred within the state of Louisiana. (Emphasis added.)

Defendant submitted the affidavit of Randy Rasmussen, stating that the policy was written outside of the United States and was delivered in Houston, Texas. Defendant also argues that the accident occurred outside of Louisiana, nearly 40 - 50 miles offshore. However, defendant ignores the fact that the above captioned matter also involves Plaintiff's claim for defendants' unreasonable failure and/or delay to pay maintenance and cure.

In addition to damages resulting from an offshore injury, Adams has filed suit to recover for the failure to pay maintenance and cure. The law is clear that when a seaman asserts a claim for failure to pay maintenance and cure on a claim administered in Louisiana, the act producing harm for purposes of La.R.S. 22:655 occurs in Louisiana. Similarly, when the injured seaman residing in Louisiana suffers from a worsened condition as a result of the defendant's failure to pay maintenance and cure, " the injury" for purposes of La.R.S. 22:655 occurs in Louisiana. *Hebert v. Aetna Casualty Surety Company,* 400 So.2d 695 (La. 1 Cir. 1981).

In *Hebert,* Aetna argued that the plaintiff had no cause of action against his employer's insurer as he neither alleged nor proved that the insurance policy was issued or delivered in the state of Louisiana or that the accident or injury occurred in Louisiana. The Court noted that the objection was more properly an exception of no right of action. Regardless, the Court found that Aetna's argument was without merit. The Court found that the requisites of La. R.S. 22:655 were met. The Court reasoned that the act producing the harm, or the accident, is alleged to be a capricious failure

2

of the employer and its insurer to provide the seaman with maintenance and cure. The act took place in Louisiana where the claim was administered and which was the base of the insurers representative who refused to continue paying maintenance and cure to the seaman. The Court noted there was also a claim for damages of aggravation of Hebert's mental condition which occurred in Louisiana. *Hebert*, 400 So.2d 695 at 698.

Similarly, Adams has filed suit for failure to pay maintenance and cure. (See Seaman's Complaint, Third Cause of Action, paragraph XII attached as Exhibit A). Mr. Adams is a Louisiana resident. (See Adams deposition, p.10 attached as Exhibit B) Accordingly, the worsening of Mr. Adams' condition, which is a compensable injury, had to occur in Louisiana as in *Hebert*. For purposes of La.R.S. 22:655, injury occurred in Louisiana. Following the accident, he has been treated by physicians practicing in Louisiana. (See Depositions of Dr. Doty, p. 6, 10 - 12; Depositions of Dr. McKowen pg. 6 - 8 as Exhibit C).

In connection with the defendants' failure to pay maintenance and cure, Plaintiff deposed Michael B. Harrison, who is the Manager of Human Resource and Administration of Defendant, Odyssea Marine. (See Harrison deposition, p.6 attached as Exhibit D). In his deposition, Harrison explained that defense counsel made all decisions concerning maintenance and cure. (See Harrison deposition p. 9 - 10; 12 - 13 attached as Exhibit E). Mr. Harrison's testimony made it clear that he relied on advice of counsel, and has no knowledge of what Mr. Adams' physicians have recommended regarding his treatment. (See Exhibit F, Harrison deposition p. 16 l. 20-25; p. 19 l. 10-25; p. 20 l. 1-25; p. 21 l.1-8). George Fowler, III and Lawrence DeMarcay, III are counsel of record in this litigation. Their offices are maintained in New Orleans, Louisiana. Accordingly, the

3

decision to delay and/or failure to pay maintenance and cure was made in Louisiana. For purposes of La R.S. 22:655, the act producing harm or accident occurred in Louisiana.

For all these reasons, it is clear that plaintiff has met the requirements imposed by the Louisiana Direct Action Statute. Accordingly, defendant, UK P & I Club's Motion for Summary Judgment should be denied.

BY ATTORNEY:

C. ARLEN BRAUD, II, #20719
MICHELLE O. GALLAGHER, #23886
C. Arlen Braud & Associates
506 Water Street, Suite A
Madisonville, Louisiana 70447
(504) 845-0372

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel for all parties in this proceeding by:

( ) Hand        (✓) Prepaid U.S. Mail
( ) Facsimile   ( ) Overnight-United Parcel Service

3-20-01
Date

Michelle O. Gallagher

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**