

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN 12  AM 10: 38

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| GERRARD P. ADAMS | CIVIL ACTION |
|---|---|
| VERSUS | NUMBER:   00-0506 |
| ODYSSEA MARINE GROUP, L.L.C. AND SOUTH BANK TOWING CORPORATION d/b/a NORTH BANK TOWING CORPORATION | SECTION: T-1 |
| | JUDGE G. THOMAS PORTEOUS, JR. MAGISTRATE SALLY SHUSHAN |
| | JURY TRIAL REQUESTED |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND MOTION FOR CONTINUANCE OF TRIAL DATE

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Gerard Adams, who respectfully files this memorandum in opposition to Defendants' Second Motion for Continuance of Trial Date.

This matter was originally scheduled for trial on April 2, 2001. Defendants moved for a continuance on the basis that plaintiff's medical condition "will not stabilize by that time." Defendants requested a "short continuance of this matter." Plaintiff opposed the first continuance, however, it was ultimately granted. The current trial date is July 30, 2001.

Defendants now file a Second Motion to Continue the Trial Date again based on the fact that plaintiff's medical condition has not stabilized and that defendants ability to defend this matter will



Fee_____
_____Process_____
X   Dktd_____
V   CtRmDep_____
        Doc.No._____

be "prejudiced by the short term medical uncertainty." Defendants note in their Memorandum in Support that Dr. Jackson last saw Mr. Adams on March 15, 2001. During this visit, Dr. Jackson recommended a fusion. Plaintiff has not decided whether or not to have the surgery. Defendants argue that they "will be prejudiced at the trial of this matter if Adams is allowed to argue both that he allegedly is permanently disabled due to his current condition and that he should recover for second surgery that may or may not occur."

As defendants note, Dr. Jackson recommended a fusion on March 15, 2001. Defendants did not file a motion to continue until June 4, 2001. Defendants waited two and a half months before filing a motion to continue the trial date on this basis. This is simply another attempt to delay the trial of this matter shortly before scheduled trial date. Defendants will be free to argue to the trier of fact that the fusion was recommended in March of 2001 and plaintiff, as of this time, has yet to elect to undergo the second surgery. Defendants will not be prejudiced in any way by trying this matter as scheduled on July 30, 2001. In fact, the time this matter is tried, the recommendation for the fusion will be four (4) months old.

**WHEREFORE**, for the stated reasons, it is prayed that this Honorable Court deny Defendants' Second Motion for Continuance of Trial Date.

BY ATTORNEY:

*[signature]*

C. ARLEN BRAUD, II, # 20719
MICHELLE O. GALLAGHER, #23886
C. Arlen Braud & Associates, L.L.C.
506 Water Street, Suite A
Madisonville, LA 70447
(504)845-0372

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel in this proceeding by:

( ) Hand  (✓) Prepaid U.S. Mail
( ) Facsimile  ( ) Overnight United Parcel Service

6-11-01
Date

Michelle O. Gallagher